# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FABITO, et al., <br><br> Plaintiff, <br> vs. <br> WACHOVIA MORTGAGE, INC., et al., <br><br> Defendant. | CASE NO. 11CV439 DMS (POR) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIVE RELIEF** |

This case comes before the Court on Plaintiffs' motion for a temporary restraining order ("TRO") and preliminary injunction preventing Defendants from proceeding with a non-judicial foreclosure sale or otherwise transferring ownership of the subject property. For the reasons set forth below, Plaintiffs' motion is denied without prejudice.

## I.
## BACKGROUND

This case involves the refinancing of a loan obtained by Plaintiffs from World Savings Bank on or around January 31, 2007, which is secured by a Deed of Trust on their property. (Complaint ¶ 15.) Subsequent to the refinancing, Plaintiffs fell behind on payments on their loan. (*Id.* at ¶ 47.) A foreclosure sale of the property was scheduled for February 16, 2011, but has apparently been rescheduled to a later date. (Opp. to Motion at 1.) The Complaint sets forth fifteen claims for relief: (1) injunctive relief, (2) breach of fiduciary duty, (3) violations of the Truth in Lending Act, (4) fraud, (5) violation of California Business and Professions Code § 17200, (6) violation of the Real Estate

Settlement Procedures Act, (7) violation of the Racketeer Influenced and Corrupt Organizations Act, (8) breach of contract, (9) breach of the implied covenant of good faith and fair dealing, (10) accounting, (11) rescission, (12) reformation, (13) predatory lending practices, (14) unfair debt collection practices, and (15) declaratory relief.

Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., successor by merger of Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB ("Wachovia"), removed this action from California State Court on March 2, 2011. (Docs. 1, 3.) While the action was still pending in State Court, Plaintiffs filed an *ex parte* application for an order to show cause and a TRO enjoining Defendants from selling Plaintiff's property at a trustee's sale scheduled for February 16, 2011. On March 4, 2011, the Court issued an Order requiring Defendants to respond to Plaintiffs' application for a TRO and preliminary injunction and requiring the parties to show cause why this case should not be transferred to the District Court for the Northern District of California. (Doc. 5.)

## II.

## LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009)(quoting *Winter,* 129 S. Ct. at 374). With respect to the showing a plaintiff must make regarding his chances of success on the merits, the Ninth Circuit applies a sliding scale approach. *See Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010). Under the sliding scale approach, the elements of the preliminary injunction test are balanced and, where a plaintiff can make a stronger showing of one element, it may offset a weaker showing of another. *Id*. "Therefore, 'serious questions going to the merits' and a hardship balance that tips sharply towards

the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1053.

### III.

### DISCUSSION

The primary basis for Plaintiffs' motion is that they were improperly denied a loan modification by Defendants and they are entitled to be considered for such a loan modification pursuant to (1) the Agreement and Stipulation of Settlement of Class Action and the Court's Order provisionally certifying a settlement class and preliminarily approving a class action settlement in *In re: Wachovia Corp. "Pick-A-Payment" Mortgage Marketing & Sales Practices Litigation*, M:09cv2015-JF (N.D. Cal.) and (2) the Assurance entered into by the Attorney General of California and Wells Fargo Bank, N.A. in December 2010. Plaintiffs seek to have the Court force Defendants to comply with their duties under these agreements and to consider Plaintiffs' loan for the appropriate loan modification program.

Plaintiffs are required to show a likelihood of success on the merits of their claims in order for preliminary injunctive relief to issue. Plaintiffs point to the preliminary class action settlement and the Assurance as the basis for their motion for preliminary injunctive relief. As Defendants point out, the Assurance does not appear to create a private right of action for Plaintiffs and Plaintiffs have not shown they are individually entitled to enforce the provisions of the agreement. (Assurance at 8-9 ("However, (i) nothing in this Assurance shall be construed as authorizing any person or entity other than the Office of the Attorney General to enforce or seek remedies under this Assurance or as a result of this Assurance or a breach thereof . . . ."), 25-26 ("This Assurance is not intended to create a private right of action on the part of any person or entity other than the parties hereto.").) As to the preliminary class action settlement, other than to claim that they may be entitled to benefits–specifically, to have their loan considered for a loan modification–upon the certification of a class and the final approval of the class action settlement in that action, Plaintiffs have not shown they are likely to succeed on the merits of their claims asserted in the Complaint. To the extent Plaintiffs intend to pursue any rights to which they may be entitled pursuant to a final settlement in the pending class action, the Court believes the instant action should appropriately be before the District

Court for the Northern District of California. In its March 4 Order, the Court ordered the parties to show cause why this case should not be transferred to the Northern District, which Plaintiffs failed to do, nor did they file a reply to Defendants' Opposition to their motion for preliminary injunctive relief.[1] To the extent Plaintiffs are not members of the putative class in that action or intend to opt out of such class and proceed with the instant action, preliminary injunctive relief may only be granted upon a showing of a likelihood of success on the merits of their claims asserted in the Complaint, which Plaintiffs have failed to do here. As Plaintiffs have failed to show a likelihood of success on the merits of their claims, the Court need not look to the remaining elements. Accordingly, Plaintiffs' motion for preliminary injunctive relief is denied.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for preliminary injunctive relief is denied without prejudice.

**IT IS SO ORDERED.**

DATED: March 22, 2011

HON. DANA M. SABRAW
United States District Judge

---

[1] Wachovia filed a response indicating it has no position concerning the transfer of the instant action, but noting that, should Plaintiffs opt out of the class, then any claims asserted in the instant action would remain and the Southern District is likely the most convenient forum and, should Plaintiffs elect not to opt out of the class and should resolution be reached in the class action, then the majority, if not all, of the claims asserted in the instant Complaint would become moot. (Doc. 10.)